UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Matthew Tanner, )<br>   Intervenor/Plaintiff Intervenor )<br> )<br>vs. )<br> )<br>City of Princeton, Texas, )<br> )<br>Derek Borg, in his Official )<br>Capacity as City Manager of )<br>The City of Princeton, Texas, )<br> )<br>Brianna Chacon, In Her )<br>Official Capacity as Mayor )<br> )<br>   Defendants Intervention ) | Civil No. 4:24-CV-195-SDJ |

## INTERVENOR'S FIRST AMENDED COMPLAINT

**COMES NOW**, Intervenor Matthew Tanner (hereinafter referred to as "Plaintiff' by Intervention" (i.e., Tanner) and files this his action against the City of Princeton ("Princeton"), Derek Borg ("Borg"), and Brianna Chacon ("Chacon") (collectively, "Defendants"), for violations of Plaintiffs constitutional rights, including First Amendment retaliation, violations of procedural due process rights, violations of substantive due process rights, and would show the Court as follows:

### Introduction

Defendants have committed multiple violations of State and Federal law resulting in substantial harm to Intervenor/Plaintiff Tanner. Defendants intentionally caused this harm through self-serving abuse of power, hypocrisy, years of corruption, and a complete lack of accountability. Defendant, Borg, set out to manipulate the City of Princeton and city employees

to ensure that Matthew Tanner failed in his business venture, and they maliciously followed through to destroy the business and/or business reputation of Tanner. Mayor Chacon, Human Resources, and members of the City Council participated in many of the violations and covered up others.

I.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter and the parties to this case and all conditions precedent to the filing of this suit have been met or waived. Federal District Courts have original jurisdiction over the subject matter under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (ancillary, pendent, or supplemental jurisdiction over state law claims).

2. Venue is proper in the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to and in accordance with 28 U.S.C. § 1391(b)(l) and (b)(2), as this is the district where Defendants reside, and a substantial part of the events giving rise to Plaintiffs claims occurred in this district.

II.

**PARTIES**

3. Plaintiff, Matthew Tanner, is an individual who is a resident of Princeton, Collin County, Texas residing at 307 Dogwood Court, Wylie, TX 75098.

4. Defendant, City of Princeton, Texas, is a political subdivision in Collin County, Texas.

5. Defendant, Derek Borg, being sued in his individual capacity. Borg is an individual resident of Princeton, Texas.

6. Defendant, Brianna Chacon, is being sued in her individual capacity. Chacon is an individual resident of Princeton, Texas.

III.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

7. Tanner was first approached by various right of way agents (ROW agents) in reference to a possible plan for the widening of Hwy. 380 as it affected his property.

8. These ROW agents at the instruction of these Defendants for the City of Princeton informed Tanner tenants that the state and/or the City of Princeton would be taking their properties re said Hwy. 380 project which were totally untrue and resulted in one or more tenant(s) vacating their leased premises almost overnight and made it almost impossible for Tanner to lease the properties.

9. Going forward, comments and directive from Building Inspection representatives and/or others for the City of Princeton made re-leasing of these Tanner properties almost impossible (i.e., they required repairs/re-working of electrical lines, drainage lines, etc. etc. not normally required for new tenants to keep Tanner from being able to lease the vacant properties). Such efforts were in an apparent attempt to bankrupt Tanner who was fighting the City and these Defendants so it would appear to allow the City and/or these Defendants to purchase Tanner properties at a steep discount potentially in bankruptcy court.

10. As a further action Defendant Princeton widened Ticky Road without the legal taking of the acquired land normally done through a condemnation proceeding. Again, such actions were for the purpose of causing financial destitution to

3
*Intervenor's First Amended Complaint*

Tanner and/or securing Tanner lands needed for the road project at no cost to the City of Princeton.

IV.

**CAUSE OF ACTION**

*Count One: First Amendment Retaliation*

11. All Defendants.

12. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

13. Defendants violated Tanner's First Amendment Right to freedom of speech by subjecting him to adverse actions in reference to his properties motivated by retaliation for making constitutionally protected statements on matters of public concern.

14. Tanner incorporates by reference item 62-88 in the Amended Complaint of Former Princeton Police Chief Mark Moyle.

15. Claims against the government that are pursued under the Texas Commission on Human Rights Act (TCHRA) are not suits filed under the Texas Tort Claims Act (TTCA) because the TTCA expressly state that the remedies it authorizes are in addition to other available legal remedies and the TCHRA provides plaintiffs with a statutory remedy for unlawful discrimination. *Mission Consol. lndep. Sch. Dist. v. Garcia*, 253 S.W.3d 653,659 (2008) (quoting Tex. Civ. Prac. & Rem. Code§ 101.003).

16. 42 U.S.C.S. § 1983 provides individuals whose constitutional rights are violated by state officials a statutory remedy. *See, Stotter v. Univ. of Tex. At San Antonio*,

508 F. 3d 812, 821 (5th Cir. 2007). To support a claim under§ 1983, a plaintiff pleads that defendant(s), violated the Constitution through their actions. Jones v. Hosemann, 812 Fed. Appx. 235, 238 (5th Cir. 2020) (citing *Ascroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

17. Claims properly brought under §1983 in an amended petition that is acting as the operative pleading, are not to be dismissed under Texas Civ. Prac. & Rem.§ 101.106(e) because § 1983 claims against individual government employees are not brought under the Torts Claims Act. *Golden v. Austin Cnty. Sheriff's Dep 't*, No. H-09817, 2009 U.S. Dist. LEXIS 54770, 2009 WL 1825448, at *5 (S.D. Tex. June 26, 2009) (holding that subsection (e) required the dismissal of tort claims against employees, but not section 1983 claims). Because § 1983 is not a claim governed by the Tort Claims Act, those claims are not affected by Tex. Civ. Prac. & Rem. Code Ann.*§ 101.v Tex. Dep't of Aging & Disability Servs. v. Cannon*, 453 S.W.3d 411 (2015); Tex. R. Civ. P. 63.

18. Borg had first-hand knowledge of Tanner's situation through statements made directly to Tanner verbally and/or in writing and/or through other representatives of the City of Plano such as the Princeton Building Inspection Group, etc.etc.

19. Additionally, Borg and/or other Princeton representative responded with hostile and derogatory statements directed at Tanner and further took unlawful action as noted in the statement of facts to ruin Tanner financially including the unlawful taking of Tanner owned properties in reference to the widening of Ticky Road.

20. The temporal proximity between Tanner's protected speech and Defendants' retaliatory adverse action as to Tanner's properties Tanner's statements on matters

of public concern were motivating factors for the noted adverse action as to Tanner and/or further unlawful action taken by these Defendant's as to Tanner properties.

### Count Two: Violation of Texas Government Code§§ 614, Subchapter B
### (Declaratory Judgment)

21. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

22. Defendants failed to abide by Texas Government Code Chapter 614, Subchapter B.

23. Pursuant to section 37.009 of the Civil Practices and Remedies Code, Chief Moyle requests the Court to construe Texas Local Government Code § 614.023 and declare that Defendants violated said law by failing to comply with the statutory provisions of Chapter 614 (of the Texas Local Government Code), Subchapter B.

24. Tanner incorporates by reference item 92-105 in the Amended Complaint of Form Princeton Police Chief Mark Moyle.

### Count Three: Violation of Procedural Due Process

25. Defendants Derek Borg and Brianna Chacon.

26. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

27. Defendants deprived Tanner of his procedural due process rights protected under 42 U.S.C. § 1983 by unlawfully harassing Tanner tenants forcing them to vacate their leased premises, making unlawful repair obligation as to re-leasing of

Tanner properties, etc.etc.

28. The elements of a procedural due process claim are 1) deprivation of a property interest protected by the 14th Amendment, and 2) the process attendant to the deprivation was constitutionally deficient. *Ky. Dep 't If Corr. V. Thompson*, 490 U.S. 454,460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Wilson v. Birnberg*, 667 F.3d 591, 601 (5th Cir. 2012).

29. Tanner had a clearly established property interest in his leasehold properties and the apparent unlawful taking of said property interests by these Defendants is a tort that is recognized in the 5th Circuit. *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir.2016) (quoting *Evans v. City of Dallas,* 861 F.2d 846, 848 (5th Cir.1988). "Federal constitutional law determines what process is due." *Klingler v. Univ. of S. Mississippi*, 612 Fed. Appx. 222, 229 (5th Cir.2015) (*citing Loudermill*, 470 U.S. at 542, 105 S.Ct. 1487).

30. The arbitrary and capricious procedures failed to comply with the provisions outlined in Texas Local Government Code § 614.022 and 614.023. Steps were not taken ownership as to Tanner properties unlawfully taken by the City of Princeton without compensation and/or a lawful condemnation proceeding.

31. Defendants conduct was motivated by evil motive and involved reckless indifference to Tanner's federally protected property rights.

### Count Four: Violation of Substantive Due Process

32. All Defendants.

33. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

34. Tanner Incorporates by reference item 108-126 in the Amended Complaint of Form Princeton Police Chief Mark Moyle.

### Count Five: "Stigma-Plus-Infringement:"

35. All Defendants.

36. Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

37. Tanner Incorporates by reference item 114-117 in the Amended Complaint of Form Princeton Police Chief Mark Moyle.

### Count Six: Mandamus - Texas Government Code§ 551.144.

38. Defendant City of Princeton, Texas.

39. Plaintiff Tanner incorporates by reference the allegations set forth above as if the same were fully set forth herein.

40. Tanner Incorporates by reference item 120-122 in the Amended Complaint of Form Police Chief Mark Moyle.

### Count Seven: Mandamus - Texas Government Code§ 551.102.

41. Defendant City of Princeton, Texas.

42. Plaintiff Tanner incorporates by reference the allegations set forth above as if the same were fully set forth herein.

### Count Eight: Mandamus - Texas Government Code§ 551.143.

43. Defendant City of Princeton, Texas.

44. Plaintiff Tanners incorporates by reference the allegations set forth above as if the Same were fully set forth herein.

45. Tanner incorporates by reference item 128-130 in the Amended Complaint of

Form Princeton Police Chief Mark Moyle.

### Count Nine: Mandamus - Texas Government Code§ 551.041.

46. Defendant City of Princeton, Texas.

47. Plaintiff Tanner incorporates by reference the allegations set forth above as if the same were fully set forth herein.

48. Tanner incorporates by reference item 133-134 in the Amended Complaint of Form Princeton Police Chief Mark Moyle.

### Count Ten: Mandamus- Texas Government Code§ 551.103 & 551.104.

49. Defendant City of Princeton, Texas.

50. Plaintiff Tanner incorporates by reference the allegations set forth above as if the same were fully set forth herein.

51. Tanner incorporates by reference item 137-138 in the Amended Complaint of Form Princeton Police Chief Mark Moyle.

V.

### CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs claims have been performed or have occurred.

VI.

### ALTERNATIVE PLEADING

Per Federal Rule of Civil Procedure, Rule 8 and Texas Rule of Civil Procedure, Rule 48, Plaintiff has pled, and/or reserves the right to plead, causes of action and/or remedies in the alternative. See Fed. R. Civ. P. 8; Tex. R. Civ. P. 48.

## VII.

## **RESERVATIONS**

Plaintiff reserves the right to bring additional causes of action against Defendant and to amend this Complaint, as necessary.

## VIII.

## **JURY DEMAND**

Intervenor, Matthew Tanner hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 3 8(b) on all issues so triable.

## X.

## **PRAYER**

Plaintiff, Matthew Tanner, respectfully prays for the following relief:

a) That Defendants be cited to appear and answer herein;

b) Judgment in Plaintiff's favor on all claims asserted;

c) For appropriate relief regarding the unlawful and unconstitutional acts and practices of Defendants;

d) Judgement against Defendants in an amount sufficient to compensate Plaintiff for the harms and losses that the violations of law caused including payment for Tanner properties unlawfully taking re their widening of Ticky Road.

e) Damages for mental anguish, pain and suffering;

f) For appropriate equitable relief against Defendants as allowed by law, including the enjoining and permanent restraining of the violations alleged in this Petition;

h) Actual damages;

i) Costs of court;

j)  For an award of reasonable attorneys' fees and costs;

k)  Pre-and post-judgment interest at the highest rate allowed by law; and

l)  All such further relief to which Plaintiff may be justly entitled.

### *Exemplary Damages*

m)  Plaintiff incorporates by reference each and every allegation contained in the paragraphs above as if the same were set forth in full herein.

n)  Defendants' acts complained of herein were committed knowingly, willfully, intentionally, and with actual awareness or actual malice. In order to punish Defendants for such unconscionable actions and to deter the same in the future, Plaintiff seeks recovery against Defendants for exemplary damages pursuant to TEX. CIV. PRAC. & REM. CODE § 41.003(a).

o)  Defendants have acted with malice and/or reckless indifference to Plaintiffs state protected rights, thereby entitling him to punitive damages under TEX. CIV. PRAC. & REM. CODE§ 41.003(a).

Respectfully submitted,

By: *(s)Steven R. Pitzner*
Steven Pitzner, Esq
Bar # 16055900
**KGW Law Firm**
100 N. Central Expressway,
Suite 1310
Richardson, Texas 75080
Phone: 214-630-1221 X153
Fax: 214-630-2155
Email: spitzner@kgwlawfirm.com

## Certificate of Service

The undersigned attorney certifies that on May 14, 2024, a true and correct copy of the above and foregoing document has been filed by using the CMIECF System, which will send a notice of electronic filing to all counsel of record.

/s/ *Steven R. Pitzner*
Steven R. Pitzner,
Attorney Certifying